Good morning, your honors. Good morning. May it please the court, my name is Paul Asterlin, and I'm on behalf of the appellants. I'd like to say five minutes for rebuttal, if I may. You can tell we watch the clock here, so keep your eye on it, okay? Okay. I'd like to start off with saying what this case is not. This case is not a challenge against the Administrative Procedure Act of California. This case is not about the particular facts that affect the appellants in this case. The facts were pled to give the appellants standing to mount a facial challenge against Section 25532 of the Financial Code. Counsel, because this is a facial challenge, I wonder why in your 28-J letter you cited Judge Reinhart's opinion in Nauzi because, of course, that is an as-applied challenge. What does that have to do with this? I think it has two things to do with this. The most important reason I cited it was to show the third balancing test of the Matthews v. Eldridge test, and that is the cost of adding a couple more instructions of an address or email or something where someone who receives one of these orders knows who to respond to is zero for the state. I guess the question I would have is it seems to me that in the Supreme Court's city of West Covina v. Perkins that they've already stated that there is no need to be specific in terms of all of that information that you seek here because the individual citizen can sort of determine how to go about these processes. What is it about this statute that makes it significant or different? Well, I think West Covina proves the appellant's case in this matter. I know it's counterintuitive, but number one in West Covina you have the police coming into someone's house, you have them taking property. What is the chance of erroneous deprivation in that case? That's one of the elements on the Matthews v. Eldridge. There's almost zero because the police have to go to a judge to get that search warrant. And once it's in place, they are taking the property. You know that this property is going to be taken. In this case, you get notice from the state that's on a piece of pleading paper. It doesn't give you an address. It doesn't give you a phone number. It doesn't give you an email address. It doesn't give you anything. It's a piece of pleading paper with charges basically in order. In the city of West Covina, there was contact information. And I would say this case more mirrors Memphis Light in the fact that there is nothing out there. The state has not said one word of where anyone in the public would go to find how to challenge an order because it's not out there. If you Google it or you try to find it or you go to the local library, the state has said nothing about how you would go about challenging an order. Do I send it to the commissioner? Do I file it at an administrative procedure court? So adding a telephone number or something to the Web page or the notice would satisfy your claim? I don't think necessarily that would be enough. It could, but that's not what's before the court. For a facial challenge, does it matter if there's a cover letter? For a facial challenge, we're looking at the statute. There's no regulation or published guidance document that was cited that requires any notification at all. In this, the state is not required to give notice of the commissioner's action. What they are saying is that the order is notice. But this case, you can look at the order yourself. We don't have to guess or make a hypothetical of what the notice is that they're sending out. Facially, what they are sending out is unconstitutional because it doesn't give enough notice. So if you look at every case that the state has cited, there's always been a previous proceeding where someone has gone before a court or an administrative court, and then they challenge. They don't like the fact that they only have 30 days to challenge a hearing or a ruling. But in this case, after 30 days, that order is like it's handed down by the Supreme Court. There's absolutely no way to challenge it, no way to go around it, if you do not request a hearing. So that's why it goes back to you have to do the balancing test. The court has to look at the three elements of Matthews v. Eldridge and say, is this notice sufficient? And I would say in Nazi, you have the court saying, this is not sufficient. You need to have more information, just as Memphis Light by the Supreme Court. And the Supreme Court said in Perkins, Memphis Light is still good law. And if there's not a public resource where someone can go out and actually figure out how to challenge this, then you have problems. Counsel, these orders have been issued for, well, I think in California, the Corporate Securities Act was passed in 1968, if I recall correctly. There have probably been tens of thousands of these orders issued. Nobody has complained about it before. Does that tell us anything about whether due process and notice is actually being denied here? No, I don't. I think it's the fact that there's this, the district court did exactly that. Well, it's never been challenged, so it must be good law. But that is not, the test has to be run. The Matthews v. Eldridge test with Mullane has to be run on to see the reasonableness of this. And in a lot of ways, the state sets this up because they don't want to get these things challenged. They don't want to go to hearings. And that is, it is. And on what do you rely for that statement? Well, because they don't tell you how you can challenge an order. And after 30 days, you're complete. Counsel, will you listen to me, please? I'm sorry. Let me finish my question, and then you answer it, okay? Okay. My question to you is, what are you relying upon that says the state doesn't want you to answer that? What evidence do you have of that? My evidence is the fact that if you want to challenge an order, there's really no way to figure out how to do it for the average person. Okay, and I get that point. But where do you find something that says the state doesn't want you to do it? Because this is the only statute that the commissioner, this is the only action that the commissioner can take that is not challengeable in a judicial proceeding. Every other action the commissioner takes is specifically challengeable by a judicial branch. Aren't you challenging this? I am. This is a judicial proceeding, isn't it? But ostensibly, this would be against the law under the Act. So you're violating the law by being here? Under the Act. Well, you're not making a collateral challenge on the merits of whether the order should have issued to you. I mean, that is what the statute prevents. Isn't that correct? You're not challenging whether your client should have issued the order on the merits, that whether his offering qualified as securities or not. Right. We are not making that challenge. And I would just point out that this is a case of first impression for this Court. If you look at the state's brief on page 10, they say this matter is very clear-cut and dry. And what do they cite? Their lead case is an Eighth Circuit case. They have no Supreme Court case on point. And the Ninth Circuit case they cite is to a fund that was established for the Exxon Valdez. And this is definitely not a case that has been ruled on before. And I think part of it is the harshness of the statute. You have to look at the harms that happen. You get one of these orders against you, and in the day where we have scams and fraud, you get this order. What is the average? Does the average person take it seriously? I don't know. Counsel, isn't that the very reason they have these? The whole idea is to be able to stop such scams in their tracks. I'm not saying your client necessarily is guilty of that. That's really not the main issue here. The question is, what else would you do? Now, my colleague has asked whether a phone number would be adequate. Put that on the website. I mean, that's there. If you want to call a commission or a corporation, that's clearly there. But the bottom line is they need a mechanism to say, stop doing this. Stop it right now because people are being defrauded. There's nothing wrong with that, right? No, there is not. Okay, so what you're concerned about is that when a person gets that, they don't know what to do. No, it's more than that. It's, number one, that the commissioner has this hybrid statute, and the only one that I'm aware of where the commissioner can go down and take an order and file it with the court and now enforce it as it's in order from the judiciary branch. So what does a judge do with it? Counsel, I'm sure you know this, but the Department of Real Estate, the Department of Industrial Relations, to name two, have similar kinds of statutes where they can do exactly the same kind of thing. But neither of those cases has a situation where the statute also says no judgments are challengeable by the commissioner. Both of those, I would argue, can be challenged. So this can be challenged. It just has to be challenged by asking for a hearing within 30 days. So you can challenge the merits of the order if you do it on time. Isn't that correct? Yes, if you understand that the state is taking action. Because only after the 30 days has run, then there's no ability to challenge it on the merits, and you can be held liable for contempt. Correct. It's a statute of limitations, and we have those all the time, don't we? We do, but we don't have a statute that's so harsh that you can't go back and say, what if there's a mistake, Your Honor? What about an appeal? As you very well know, you have a relatively short period of time within which to appeal a final judgment of a district court. If you don't do it in time, you're out of luck. It's jurisdictional in almost every instance. That may be pretty harsh, but that's what the Congress decided they were going to do. Right? That's correct. And, Your Honor, I wouldn't disagree with that. And a notice that says, hey, you want to challenge this? You've got 30 days to do it. Do it. If you don't do it, then you're going to have a default, basically. Okay. And I would say to that, if you're going to have an appeal, you go back to the Matthews v. Eldridge test. What's the chance of erroneous deprivation? In this, you're not getting your dang court. Well, in an appeal, you were in the district court, so there was some hearing in the district court. Is there any opportunity for pre-deprivation process in this context? In other words, can you get a hearing before the commissioner before this order is issued? Or do they contact the person before the order is issued? They contact them with the order. The only thing they give them, the only thing required by the statute is the order. So whoever receives the order would have to figure out how to challenge this and where to, quote, unquote, file this challenge, because that is the verbiage that is used in the statute. So there's no hearing of any sort or any contact with the recipient of the order before the order is issued? Correct. The order is issued, and it's served on the person. Is there any standard for how the commissioner makes the decision to issue the order? The statute itself just says if, in the opinion of the commissioner, let's say if a security is subject to qualification or a person is an unqualified broker-dealer, is there any standard set out in other parts of the code for how the commissioner reaches that opinion or makes that determination? I think there are guidelines. They're probably pretty vague. Your Honor, I see that I'm running out of time. You want to save some time? Sure, that's fine. I'm sorry? You want to save some time? Yes. Yes. Please do. Thank you. Thank you. Good morning. Good morning, Your Honors, and may it please the Court. My name is Craig Rust, and I represent the Appalese. The California legislature enacted the statutes in question to allow the commissioner to act quickly to stop unlawful conduct and to protect the public from fraudulent or deceptive financial schemes. As the Court noted, those statutes are constitutional on their face if they are capable of being applied in a constitutional manner. He's trying to do not an applied attempt at all. It's a facial challenge. So he has to show that there is no constitutional way to apply the statute, right? That's correct, Your Honor. He has to show that the statute can't be applied in a constitutional manner. That's absolutely correct. And I want to correct the appellant about what constituted the notice in this case. It was not just the desist and refrain order, but as the Court can see from the record starting on page 114, I believe, DBO's file of what was sent to Mr. Shurness is in the record, and it includes a cover letter, I think, as Your Honor mentioned, that provides all the things that Mr. Shurness is asking for. So the cover letter says, see attached statutes, which are possibly not that helpful to people who aren't lawyers. Does it say, here are the steps you have to go, you have to take in order to challenge this and be warned, you have to do it within 30 days or you forever lose your right to do so? The letter says that you have the right to request an administrative hearing if you want to challenge the order. Does it give a how to do that or say that it has to be done within 30 days? I believe it says within 30 days, Your Honor. But even if it did not, it not only cited the statutes under which the commissioner was acting, but it provided copies of those statutes. Your Honor mentioned the West Covina case. That is all that is required under the due process clause. If we were to agree with the appellant in this case, wouldn't the commissioner be faced with the problem that no matter what you said, there might be something required in another unusual case that, if you didn't disclose it, would be found inadequate? That's correct, Your Honor. That's why the proper vehicle for this type of challenge would be an as-applied challenge. But where in the record does it say 30 days in your cover letter? I guess I'm looking at this cover letter. And I'm just – perhaps I'm looking at the wrong cover letter. I'm looking at ER-121. That is the cover letter, Your Honor. It may not say 30 days, but it did. It says, encloses a desist and refrain order. You are being served in your individual capacity as a representative of the company. Corporations Codes 25532 and Financial Code 22712 set forth the authority of the commissioner to issue such order and your right to an administrative hearing if you challenge such order. Copies of the statute are enclosed. If you have any questions, please contact Miranda Matson at the number provided below. So the reference to Miranda Mason, there's no 30 days or any steps, but they give a number. And if somebody called Miranda Mason, she would give them a step-by-step explanation of how to challenge the order? She certainly offered to answer any questions that Mr. Shurness may have about the procedure. And, again, the copies of the statutes were provided with that cover letter. The statutes have the 30-day limitations in them, and that was all part of the notice that was given in this case. So the DBO was not hiding the ball in terms of what they needed to do or what the time limits were. That was all available to them. And the notice provided pursuant to that cover letter and pursuant to the administrative order went well, well beyond what the Supreme Court required in West Covina. Well, you relied in your brief on Baffert versus the California Horse Racing Commission. I think to support your argument that the administrative procedures process was sufficient to review these types of challenges, but isn't that case distinguishable? Because as I saw that case, the plaintiff was not raising a constitutional claim to a regulation or statute, and that was made clear by the court. And then, secondly, the petitioner there, his racing suspension was suspended before a full adjudication occurred. And I think that was similar to, I think it's Keneally versus Lundgren. There was a mechanism to suspend the imposition of here would be the desist and refrain order before any sort of interest was lost. How do you address those distinctions? Well, Your Honor, the citations to Baffert and other cases you mentioned were simply to show that the California Administrative Procedures Act provides an adequate, or I should say, a meaningful opportunity to be heard in a meaningful manner. That goes more to the process available to challenge the order, whether those procedures that are in place are fair. Once the person challenges the order to get a fair hearing on whether or not they were erroneously deprived of a property interest, Mr. Sherness's attorney conceded that he's not challenging the adequacy of those procedures today, and he's not even challenging whether a pre-deprivation remedy was required in this case. Again, the provision of post-deprivation remedies is appropriate in certain circumstances where the state's interest is sufficient to justify that type of situation. This is one such instance. The commissioner had to act swiftly to stop Mr. Sherness from selling what he viewed as illegal securities in an unlawful manner and to protect the public. So that interest in protecting the public justified an order telling Mr. Sherness to immediately cease and desist from that type of activity. To an earlier question, I think opposing counsel or perhaps one of my colleagues asked what information was relied upon, and you look at the desist and refrain order, the first at least 11 paragraphs detail the nature of the alleged fraud, the nature of the entity, the kinds of money being asked for, the kinds of alleged promises being made, and the like. So my question to you would be usually that kind of information would either come from an informant or based on dealings with the alleged offeror of the unqualified securities. Does the record indicate in this case whether the commissioner had previous dealings with the addressees of the desist and refrain order? I don't believe that the commissioner had previous dealings with Mr. Sherness. I believe the order was based on the fact that Mr. Sherness had publicly advertised these securities for sale. So they just saw it in the newspaper? Usually somebody brings it to the commissioner, and that's my question is how did the commissioner know about this to the degree that there was previous dealing between the commissioner and the alleged offeror of these securities would, of course, further undercut the idea that there was not due process and they didn't know what to do. But you're saying that the record doesn't indicate whether there was anything further other than that somehow they came into this knowledge. I'm not sure exactly how the commissioner became aware of the situation. I do know that the postings were available on the Internet. Are there regulations or standards that are promulgated by the commission about how to investigate and what standard is required before you can issue one of these orders? I didn't see it in the record or reference, but perhaps there's something. There may be, Your Honor. I can't speak to that as we stand here. Okay, so you don't know. The opposing counsel says the commissioner saw it in the paper and without any investigation just issued one of these orders. I believe the desist and refrain order mentions a phone call by a DBO staff attorney to Mr. Shurness investigating some of these claims. And I guess along those same lines, where in Section 25532 does it provide the commissioner with any authority to sort of suspend the desist and refrain process? Is it just sort of a discretionary process? I'm sorry, Your Honor. I'm not sure what you mean by suspend the desist and refrain process. Well, as I mentioned before and as you've pointed out, once the desist and refrain order lapses, it becomes a final judgment. But in that process, if no one challenges the notice, is there any way for the commissioner to reevaluate if, in fact, there's false information in the investigation? Your Honor, the onus is certainly on the subject of the desist and refrain order to challenge any misstatements of fact that are in the order, and they're given 30 days to do so. So if they miss the 30 days, there's no basis, no way to make a collateral challenge. Is that right? To the factual basis for the commissioner's order? I don't believe so, Your Honor. Okay. So you're done. If you miss the 30-day window, you have no opportunity to challenge the determination. With respect to the factual and legal basis, yes, Your Honor. Are you sure about that, counsel? My recollection is that the commissioner can and does frequently revisit these things when there is some dialogue that occurs. So does the Department of Real Estate, and they can open up an accusation and can have a mini hearing to determine whether it was improvidently granted. I think it's in the regulations, and I'm surprised you don't know about them. Is there anything in the statute that would allow that? The statute gives the affected party 30 days to come in and challenge the order. After that, the order is final and unreviewable under the statute. A couple of points. The idea that this is not judicially challengeable is just not accurate. If they go through the administrative process. In the 30 days. I mean, nobody doubts that. If somebody knows what the statute allows and makes a challenge within 30 days, they can go through a hearing, and then if they don't like the result, they can take it to court. The question is if they miss that. So there's an order issued on the opinion of the commissioner, and if the recipient misses the 30-day window, it's unreviewable and unchangeable. It's written in stone. That's correct, Your Honor. Okay. But that is perfectly in line with the Court's previous precedent. And would you address Mr. Asterland's contention in his briefs? I'm curious about California commissioners' interests. Are they any greater than the SEC? Because the SEC scheme seems to spell out all of these provisions of notice and opportunity to challenge. Why is the commissioner's interest any different? Or any greater, I should say. I wouldn't necessarily say it's greater, but I would also disagree with the assertion that notice is spelled out in the Securities Act of 1933. Mr. Shuren's counsel cites Section 8A of the Securities Act as an exemplar of a constitutional statute, but the only apparent rationale for that is that the statute uses the term notice. That's just a superficial difference between the corporation's code, which requires service of the order. Both of those documents are designed to put the affected party on notice of the pendency of the action, which is what the due process clause requires. Whether you call that notice or service of the order, the effect is the same. It's letting the person know what action the government entity has taken against them. But the notice is not further defined in Section 8A of the Securities Act. But it is elsewhere in the corporation's code, isn't it? I'm sorry, Your Honor. Isn't the concept of notice defined elsewhere in the California corporation's code? Perhaps not in the Corporate Securities Act of 1968, but it's in the corporation's code of which that is a part. It may be, Your Honor, but even the section that we're looking at today requires service of the order, which notifies the person of the pendency of the action against him. That is the due process standard as articulated in the lane. Bottom line, though, your position is the City of West Covina v. Perkins is the answer. What the commissioner did in this case complies with that. This is a facial challenge. The plaintiff is unable to show that in all instances the statute is unconstitutional. Is that right? That's correct, Your Honor. And just one final point to further address your question, Your Honor, about the fact that this is set in stone and the person doesn't have any remedies. If there was an issue with the service of the notice, like Mr. Shurness alleged to the trial court, if he's saying that due process was violated because he never received notice of the action, he did have a remedy. He could have done exactly what he did, which was go to federal court and allege a due process violation. So he could make an as-applied challenge is what you're saying. His only remedy under the state law would be to make an as-applied challenge in federal court under 1983. Yeah, that option. That would be the option. Got it. And he had two years to do that, and he did not do that. The district court properly dismissed the case for those reasons. If there are no further questions, we ask that the court affirm the district court's ruling. Thank you, counsel. So we'll hear from the appellant. Thank you. A couple of quick points. Number one, I think the court has to look at what Section 25532 actually says, and that says the only thing the commissioner has to do is serve an order. She doesn't have to give anything else, and the court has it in front of it what the order looks like. Is that constitutional? Does that give due process to the recipient? Just that order. That is why the SEC says notice and the order. Let me ask you this. You're a member of the legislature right now. What do you have to put in this statute to make it constitutional under your perspective? Under my perspective, it's very easy. Number one, you either add the word notice, or you get rid of insulating the commissioner from judicial review, because the problem is what happens if she's mistaken? Who sets the time bar on when service starts and when you have to get your order in? The commissioner controls all of that. If the commissioner is mistaken and you, within the 30 days, you go there and you have a hearing, you don't like it, then you can appeal. I think initially it goes to an administrative law judge, and if you don't like that, then you can appeal it to the superior court, right? If it happens like that. But what happens if you file within the 29th day, and she counts it, hey, you're 31 days? You're done. Your ability to challenge that order is over. You can go into federal court opposing counsel says and bring a 1983 claim for a due process violation. Well, I think under the statute, the statute would say you can't, because there's no judicial review or administrative procedure review. The statute says you can't go into federal court and make a 1983 claim? Or does it say that? It says no judicial review. So I would interpret that as meaning ostensibly can you do it? Yes, you can do it. But the statute bars that, too. That's astonishing, the idea that somehow a state statute could bar an action in a court that provides under the supremacy clause it can protect people everywhere. Well, that, Your Honor, is part of the reason we're making a facial challenge. So you asked me what I would do. I would remove that section, or I would put the word notice in there, and then the commissioner could decide what kind of notice she should give. And then if someone feels that notice is improper, they could make a challenge. Does it actually say that you cannot challenge it in court? I thought it just said it becomes a final order. No judicial or administrative procedure reviews after 30 days. Because it says, if I may go over just two seconds. Just one minute. We're counting on this being really good. Yes, my recollection is that. 25532 says that notwithstanding a section, and that section makes everything reviewable by the courts or an administrative hearing. So Section 25532 specifically says, notwithstanding this, this is not reviewable. So it's actually in the section itself. All right. Thank you. Thanks to both counsel. We appreciate it. The case just argued is submitted, and the court stands adjourned for the week. We know we have some visiting students here. The court is going to go and have what we call a conference where we will decide these cases. But in the meantime, you are really lucky, because our law clerks are going to talk to you and regale you with wild tales. And then we will come back out and talk to you when we finish our conference. So thank you all, and the court is adjourned.
judges: M. Smith, Ikuta, Humetewa